T.C. Summary Opinion 2012-111

UNITED STATES TAX COURT

G. ADRIAN VIGIL AND LINDA VIGIL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3386-11S.                              Filed November 13, 2012.

G. Adrian Vigil and Linda Vigil, pro sese.

<u>Michael R. Harrel</u>, for respondent.

SUMMARY OPINION

JACOBS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, section references are to the Internal Revenue Code.

The issue for decision is whether for 2008 petitioners' Federal income tax should be increased by the 10% additional tax on early distributions from qualified retirement plans imposed by section 72(t)(1), as respondent has determined.

Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. At all relevant times petitioners resided in the State of Arizona.

G. Adrian Vigil was an employee of Osmose, Inc., from 2001 until the summer of 2007, when he resigned from that company. He was a participant in the Osmose Employee Stock Ownership Plan.[1] In 2008 Mr. Vigil requested a lump-sum distribution of $14,564.81 from the Osmose ESOP, which represented 42.095 shares of Osmose Holding, Inc. stock valued at $346 per share. Twenty percent of the total distribution, or $2,912.96, was withheld and paid to the Internal

---

[1]The Osmose Employee Stock Ownership Plan (Osmose ESOP or ESOP) was originally adopted on January 1, 1985. The ESOP was designed to qualify for a preferred tax treatment under sec. 401(a). Effective as of May 29, 2002, in accordance with a Plan of Share Exchange, the ESOP exchanged all of its stock in Osmose, Inc., for an equal number of shares of stock in Osmose Holding, Inc. and the ESOP changed its name from the "Osmose, Inc., Employee Stock Ownership Plan" to the "Osmose Employee Stock Ownership Plan". The Osmose ESOP has also been amended to conform to changes in the tax law.

Revenue Service (IRS). Thus, the net amount received was $11,651.85. On the date of the distribution Mr. Vigil was 36 years old.

Mr. Vigil filed a joint Federal income return for tax year 2008 with his wife, Linda. Mrs. Vigil at all relevant times was a goat rancher; she was never an employee of Osmose, nor was she ever a participant in the Osmose ESOP. Petitioners reported the distribution from the Osmose ESOP on their 2008 tax return but on the wrong line. Petitioners did not include the 10% additional tax on early distribution from qualified retirement plans in calculating the amount of their 2008 tax.

The IRS determined that the distribution was subject to the section 72(t)(1) additional tax and hence determined a deficiency in petitioners' Federal income tax for 2008 of $1,456. Petitioners posit that the section 72(t)(1) additional tax is not applicable to one-half of the distribution because when the distribution was made (1) both were residents of Arizona, which is a community property State, and (2) Mrs. Vigil was over the age of 55. See sec. 72(t)(2)(A)(v).

## Discussion

An employee stock ownership plan is defined in section 4975(e)(7) as "a defined contribution plan which is a stock bonus plan which is qualified, or a stock bonus and a money purchase plan both of which are qualified under section 401(a)

and which are designed to invest primarily in qualifying employer securities; and which is otherwise defined in regulations prescribed by the Secretary." As authorized, the Secretary has prescribed regulations setting forth requirements that a plan described in section 4975(e)(7)(A) must meet in order to be an ESOP. See sec. 54.4975-11, Pension Excise Tax Regs. The IRS asserts that the Osmose ESOP meets all such requirements and thus was entitled to preferred tax treatment under section 401(a).

Section 72(t)(1) imposes an additional tax of 10% on the portion of a distribution from a qualified retirement plan that is includable in gross income unless one of the exceptions set forth in section 72(t)(2) applies. Section 72(t)(2)(A)(v) provides that the 10% additional tax does not apply to a distribution "made to an employee after separation from service after attainment of age 55". As noted supra p. 3, petitioners assert that the exceptions set forth in section 72(t)(2)(A)(v) apply to one-half of the distribution received from the Osmose ESOP. We disagree.

Mrs. Vigil's age is not relevant. She was never an employee of Osmose, Inc., nor was she ever a participant in the Osmose ESOP. The community property laws of the State of Arizona do not affect the situation before us. See Barkley v. Commissioner, T.C. Memo. 2004-287 (the taxpayer was not entitled to claim the

section 72(t)(2)(A)(iii) disability exception with respect to early distributions from his qualified retirement plan on account of his wife's disability because she was never an employee of the taxpayer's employer; their residence in a community property state was not relevant). The exception provided by section 72(t)(2)(A)(v) is not applicable to the situation before us. Nor are any other exceptions set forth in section 72(t)(2) applicable.

We have considered all arguments made by petitioners, and we conclude that all are without merit or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.